# N. Y. SUPERIOR COURT.

## IN THE MATTER OF THE PEOPLE agt. HEFFERNAN.

Where a prisoner is *detained in prison, in execution of a sentence* already pronoun ced upon him by the court, the provision of the *habeas corpus* act, which declares that " during the session of a court of oyer and terminer, no prisoner detained in the common jail of the county upon any criminal charge, shall be removed therefrom by any writ of *habeas corpus,* unless such writ shall have been issued by such court of oyer and terminer, or shall be made returnable before it," does not apply to such a case.

The court which sentenced the prisoner, has no longer jurisdiction over him, consequently where a judge of another court, other than the court of oyer and terminer,—which may be in session at the time, issues a writ of *habeas corpus* to bring up the prisoner before him, the officer in custody of the prison upon whom the writ is properly served, must produce the body of the prisoner, according to the mandate of the writ.

*Habeas Corpus, February,* 1870.

McCunn, J.—Mr. Peter Mitchell, *of counsel for the petitioner*, demands his discharge upon two grounds :

*First.*—That the court affecting to try him, had no jurisdiction of the case. The argument is, that by article 6, section 18, of the constitution of the state, all judicial officers shall be elected by the people of the communities over which their jurisdiction extends. And that, Messrs. Dowling and Bixby constituting the so-called court of special sessions, which asserts a jurisdiction over the whole city, were chosen only by the suffrages of seven wards, and so were not duly elected in conformity to the letter and spirit of the constitution. Hence the contention is, that their exercise of power, as members of the court of special sessions, is a sheer ursurpation.

*Second.*—By article 1, section 2, of the state constitution, " the trial by jury, in all cases, in which it has been here-

tofore used, shall remain inviolate forever." It is competent to the party accused to waive the privilege of trial by jury; but in this instance, the allegation of counsel is, that the prisoner not only never waived, but expressly demanded a trial by jury, as matter of absolute and indefeasible right, and that his trial in a mode unauthorized by the constitution was invalid and of no effect. Hence the inference that his detention is without warrant of law.

If either of the above propositions be tenable, it follows necessarily that the prisoner is entitled to a discharge.

But the learned district attorney argues that the person upon whom the writ was served is not obliged to produce the prisoner, by reason of the following section in the *habeas orpus act :* "During the session of a court of oyer and terminer, no prisoner detained in the · common jail of the county upon any criminal charge, *shall be removed therefrom* by any writ of *habeas corpus,* unless such writ shall have been issued by such court of oyer and terminer, or shall be made returnable before it."

Obviously, the present case is not within the provisions of the above section. The prisoner here is not confined on a criminal *charge,* but is detained in execution of a sentence already pronounced by the court, and that court has no longer jurisdiction over him. The above section was inserted for the evident purpose of preventing the removal or release of a prisoner held upon a charge and awaiting a trial; and the law intended that the legality of his detention on a criminal accusation, should be determined only by the court in which his trial is depending. A writ of *habeas corpus* for the delivery of a person detained under civil process, need not be issued by or returnable before the court of oyer and terminer; and for the same reason, the writ in the present case was properly returned before a justice of this court. This case is neither within the letter nor policy of the above provision, and that provision affords no excuse or justification for a refusal to produce the prisoner. It is a

fundamental principle that the provisions of the *habeas corpus act* shall be generously construed in favor of the liberty of the citizen. Hence, provisions in restriction of the privileges and operation of the writ will be interpreted in a liberal sense. The legislature must be taken to mean precisely what its language conveys—neither more nor less. That language imports that when a person is confined upon a criminal *charge* he shall have recource for deliverance but to one court—the court of oyer and terminer. It does not say or imply that when a man is imprisoned under a *sentence* of conviction—when he is no longer amenable to the courts of criminal jurisdiction—that he shall be shut up from all access to other tribunals empowered to issue the writ of *habeas corpus.* To give it that construction would operate to the perversion of the law and the oppression of the citizen.

As to the nonproduction of the prisoner.

By section 33 of the *habeas corpus* act, it is enacted, that " The person or officer on whom the writ shall have been served, shall bring the body of the person in his custody, according to the command of the writ, except in the case of the sickness of such person " in custody.

Section 34 provides that, " if the person upon whom such writ of *habeas corpus* has been duly served, shall refuse or neglect to obey the same *by producing the party named in such writ,* and no sufficient excuse," *i. e.,* of sickness, " shall be shown for such refusal, *it shall be the duty* of the court or officer before whom such writ shall have been made returnable, *forthwith to issue an attachment against such person,*" *&c,, &c.*

In this matter the prisoner is not produced according to the command of the writ; but on the contrary, the person in whose custody he is, expressly refuses to produce the prisoner. Nor is due service of the writ denied; nor is the only excuse allowed by law for the non-production of the prisoner urged by the jailor. Hence, I have no alternative

under the express and imperative provisions of the statute, but "forthwith to issue an attachment" against the person so defying the mandate of the writ of *habeas corpus*. And I direct that such attachment do issue. The learned district attorney proposes to re-argue, in support of the legality of the prisoner's detention, and perhaps he may show enough to require that "the prisoner should be remanded into custody." But in the face of an avowed disobedience of the writ, in view of the fact that it is the prisoner's right that all argument as to the legality of his detention, should take place in his presence, and especially in consideration that if I decided against the legality of the prisoner's detention, the writ would be imperative to effect his release—*he not having been brought within the power of the court*—I therefore refuse to hear any argument on the subject of the legality of the detention until the prisoner be produced in obedience to the exigency of the writ.

An American commentator, of the highest repute, has said : "To concede the power to issue the writ, and, at the same time, withold the power to afford relief under it, when the party claiming custody stands revealed by his return a wrongdoer without excuse, is to convert the great writ of liberty into a pitiful process of curiosity."